IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT P. TAYLOR, #204105 | * | |
| LUTHER BROOKS, #421791 | | |
| MELVIN ABDULLAH EL-AMIN | * | |
| | | |
| v. | * | CIVIL ACTION NO. RDB-14-3034 |
| | | |
| THE ARAMARK CORPORATION | * | |
| DIRECTOR D. RICHARDSON | | |
| S. VERCH | * | |
| | ***** | |

## MEMORANDUM OPINION

On September 22, 2014, the Court received for filing the above-captioned civil rights action seeking compensatory damages from Robert Taylor ("Taylor"), a detainee confined at the Baltimore County Detention Center ("BCDC"). Taylor complains, on behalf of himself and two other detainees,[1] that Defendants have failed to provide prisoners "nutritionally balanced religious and special medical diets/meals," which are of poor quality and grade. He further contends that Defendants are "fleecing" the State of Maryland, misapplying government funds, and violating his constitutional rights. ECF No. 1. Taylor specifically claims that during the month of Ramadan, Muslim detainees were provided a non-nutritionally balanced diet for a thirty-day fast that fell far below the daily recommended caloric requirements. He asserts that these practices are designed to "manipulate" the general inmate population to spend their money on commissary items which have inflated prices.   Finally, Taylor accuses Defendants of racketeering, price fixing, providing prisoners with carbohydrate-laden meals and poor quality fruit, and otherwise "watering down" food to cut costs and increase their profit margin. *Id.* Taylor's Motion to Proceed In Forma Pauperis

---

[1] Neither Luther C. Brooks nor Melvin Abdullah El-Amin, who are listed as Plaintiffs on the Complaint, have signed the Complaint or indigency application. Therefore, they shall not be permitted to

shall be granted.  For reasons to follow, the Complaint shall be dismissed without prejudice.

United States Court of Appeals for the Fourth Circuit has recognized the well-established principal that "inmates must be provided nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" *Shrader v. White,* 761 F.2d 975, 986 (4th Cir. 1985) (citations omitted).  The failure to meet an inmate's basic nutritional needs is considered cruel and unusual punishment because the inmate relies on prison officials to provide food.  Prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985).

Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents.  *See Divers v. Dep't of Corrs.,* 921 F.2d 191, 196 (8th  Cir. 1990).   Although Taylor complains that the food at BCDC was nutritionally inadequate, he presents no factual allegations supportive of this conclusory assumption.  He does not allege that he became sick from the food served to him, that he lost a significant amount of weight, that the food was infested with pests or animal droppings, that it was spoiled, or that the number, portions, or frequency of meals caused a documented deterioration of his physically or mental health.  Instead, Taylor takes issue with the quality and grades of  food, neither of which indicates a deprivation of life's basic necessities.  *See Madyun v. Thompson,* 657 F.2d 868, 874–75 (7th Cir. 1981); *Prophete v. Gilless,* 869 F.Supp. 537 (W.D. Tenn. 1994); *Hamm v. DeKalb Cnty*., 774 F.2d 1567, 1575 (11th Cir. 1985); *Williams v. Berge,* 102 Fed. Appx. 506, 507 (7th Cir. 2004) (unpublished).

---

proceed as Plaintiffs.  The Clerk shall strike their names from the docket.

Under the facts presented, the Court finds that Taylor's speculative allegations do not properly allege a violation of his constitutional rights.   Therefore, his 42 U.S.C. § 1983 claims against Defendants will be dismissed without prejudice.[2]   A separate Order follows.


October 10, 2014                          _____/s/_____
                                          RICHARD D. BENNETT
                                          UNITED STATES DISTRICT JUDGE

---

[2]       Although he seeks compensatory damages, at no point in time does Taylor allege that he suffered a physical injury. The court further observes that the PLRA states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  It is settled law that a prior physical injury is required for a prisoner to recover damages for emotional and mental injury. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997).